UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LEE LINGOFELTER , | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:08 CV 73 |
| | ) |
| PLAINFIELD CORRECTIONAL FACILITY, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Lee Lingofelter, a *pro se* prisoner, filed a petition for habeas corpus under 28 U.S.C. §2254 attempting to challenge his 1995 probation violation conviction. (DE # 1.) In 1987 he was convicted of child molestation in the Kosciusko County Superior Court and received a twenty-eight year sentence with twenty-two years suspended. On March 16, 1995, the trial court revoked petitioner's probation and imposed the twenty-two year suspended portion of his sentence. (DE # 1 at 1).

Instead of seeking direct review of his probation revocation, on June 26, 1996, petitioner filed a motion for post-conviction review, which remained pending until April 26, 2005, when the trial court denied it. (DE # 1-2 at 11). During the interim, petitioner filed several trial court motions to challenge his sentence. He also filed a petition for habeas corpus with this Court. *Lingofelter v. Buss*, 1:04-CV-444 9 (N. D. Ind., filed November 23, 2004).[1] After the trial court denied the June 26, 1995 post-conviction

---

[1] On August 12, 2005, that petition was dismissed, without prejudice, because petitioner had not exhausted his state court remedies.

review petition, petitioner timely filed a notice of appeal in the Indiana Court of Appeals on April 27, 2005. Two months later, on July 7, 2005, Petitioner withdrew the notice of appeal.[2] (DE # 1-2 at 11). Petitioner signed the instant petition on March 15, 2008 (DE # 1 at 6), thirteen years after the trial court revoked his probation.

The threshold issue in this case is whether the petition is timely. Section 2254 habeas corpus petitions are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2254(d)(1). Since none of the allegations raised by petitioner in this case, (*see* DE # 1at 3-4), implicate an atypical starting date, *see* 28 U.S.C. § 2244(d)(1)(B)-(D), the statute of limitations in this case began running on the date petitioner's revocation of probation became final. *See* 28 U.S.C. § 2244(d)(1)(A).

That date was April 16, 1995, when the thirty day period during which petitioner could have sought to transfer his case to the Indiana Court of Appeals ended. IND. R. APP. P. 57(c)(2). Because his sentence became final before the April 24, 1996, the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEPDA"), the one-year period of limitation to file a habeas petition in this court began running on that date. *See Araujo v. Chandler*, 435 F.3d 678, 680 (7th Cir. 2005). However, 28 U.S.C. § 2254(d)(2) allows for the statute of limitations to be tolled while a "properly filed" state

---

[2] Petitioner filed two more motions in the trial court on October 12, 2005, and July 2, 2007. After the trial court denied the second motion, petitioner filed a notice of appeal (DE # 1-2 at 12). The Indiana Court of Appeals' records show it dismissed the appeal on January 10, 2008, because it involved the denial of an unauthorized second petition for post-conviction review. *Lingofelter v. Indiana,* 43 A 03-0708 - CR - 00363 *(*Ind. Ct. App. filed July 13, 2007).

collateral attack is pending. For petitioner, the petition for post-conviction review he filed on June 17, 1996, tolled the statute of limitations. Before that date, however, the statute of limitations ran for 54 days, from April 24, 1996, the effective date of the AEDPA, until then.

That petition for post-conviction review tolled the statute of limitations for nine years, until July 7, 2005, when petitioner withdrew the notice of appeal he filed from the trial court's denial of his petition. After this date, July 7, 2005, no properly filed state collateral attack tolled the one-year filing deadline. Consequently, the statute of limitations ran from that date until, at the earliest, March 15, 2008, the day he signed the petition. During that time period, an additional 982 days passed.

Although petitioner filed other trial court motions between the time he withdrew the notice of appeal and returned to this court, they did not toll the time to file the habeas petition; the Indiana state courts did not authorize any successive petitions for post-conviction review. An unauthorized successive petition is not considered "properly filed" under Indiana law to extend the one-year limitation period under 28 U.S.C. § 2244(d)(2). *Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005). Thus, combining this later 982 day period with the previous 54 day period, the statute of limitations in this case ran for a total of 1036 days. This plainly exceeds the one-year limit imposed by 28 U.S.C. § 2254(d) and this petition is therefore time-barred. The court therefore finds that petitioner is "not entitled to relief" and thus the petition should be dismissed

pursuant to RULE 4 OF THE RULE GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

    For the foregoing reasons the Court **DISMISSES** the habeas petition (DE # 1) as untimely, and **DENIES AS MOOT** petitioner's motions to proceed *in forma pauperis* (DE # 4) and to appoint counsel (DE # 5).

                        **SO ORDERED.**

**DATE:** June 27, 2008

                        s/James T. Moody  
                        JUDGE JAMES T. MOODY  
                        UNITED STATES DISTRICT COURT